IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cr-0106-WKW |
| | ) | |
| DAVID RAY | ) | |

## **ORDER**

On January 8, 2008, the government filed a Notice of Information to Establish Prior Conviction (Doc. #94) pursuant to 21 U.S.C. § 851.  Establishing a prior conviction is significant because if a person violates 21 U.S.C. § 841(a) "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years."  The previous conviction that the government identified is Ray's cocaine trafficking conviction in Cobb County, Georgia. (Doc. # 94.)

According to the plea agreement, the underlying conspiracy to distribute methamphetamine to which Ray has pled guilty existed from approximately August 2004 until October 2005.  (Doc. # 104, at 6.)  Ray was arrested or arraigned for his felony drug trafficking offense in Cobb County, Georgia on January 27, 2004. (Presentence Investigation Report, Revised April 3, 2008, at ¶ 31.)  However, it was not until over two years later, on September 26, 2006, that his sentence was imposed, (*id.*), and even later before his conviction became final.  *United States v. Williams*, 469 F.3d 963, 967 (11th Cir. 2006); *Hagins v. United States*, 267 F.3d 1202, 1208 (11th Cir. 2001).

Therefore, it is ORDERED that the parties be prepared to show cause why the defendant is "not subject to an increased sentence as a matter of law," 21 U.S.C. § 851(d)(2), at the sentencing hearing scheduled for tomorrow.

DONE this 14th day of April, 2008.

                                           /s/   W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE